**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LHF PRODUCTIONS INC., | No.    17-35237 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00552-RSM |
| v. | |
| DOE 1, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| AARON LIGHTNER, agent of Doe 8; DONALD REDDISH, agent of Doe 9; ALEXANDER CAUTHORN, agent of Doe 10, | |
| Defendants-Appellees. | |

| | |
|---|---|
| LHF PRODUCTIONS INC., | No.    17-35243 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00621-RSM |
| v. | |
| DOE 1, | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant,

and

ROSELEN TORRES, agent of Doe 13;
SHERWIN MENDOZA,

Defendants-Appellees.

LHF PRODUCTIONS INC.,

No. 17-35249

Plaintiff-Appellant,

D.C. No. 2:16-cv-01015-RSM

v.

DOE 1,

Defendant,

and

LAUREN BURKS, agent of Doe 1;
WILLIAM AELY, agent of Doe 2;
TAMIKA GREENE, agent of Doe 5;
CURTIS STOUT, agent of Doe 6;
DONALD SMITH, agent of Doe 8; LUCY
GATHU, agent of Doe 10; DOUGLAS
COTTRELL, agent of Doe 12; DAVID
ALVAREZ, Jr., agent of Doe 13,

Defendants-Appellees.

LHF PRODUCTIONS INC.,

No. 17-35250

2

|  |  |
|---|---|
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00865-RSM |
| v. | |
| DOE 1, | |
| Defendant, | |
| and | |
| PAUL CAIN, agent of Doe 2; BOUN BOSAKOUONTHONG, agent of Doe 5; SAMANTHA SMITH, agent of Doe 7; ANDREW BRADLEEY, agent of Doe 8; EDWARD BROWN, agent of Doe 11, | |
| Defendants-Appellees. | |

|  |  |
|---|---|
| LHF PRODUCTIONS INC., | No.    17-35253 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00623-RSM |
| v. | |
| DOE 1, | |
| Defendant, | |
| and | |
| SIKOTORSKI ROMAN, agent of Doe 4; STANLEY RUGUIAN, agent of Doe 5; KIEL RAMTHUN, agent of Doe 6; NICHOLAS ENGLISH, agent of Doe 14, | |

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Argued and Submitted May 18, 2018
Seattle, Washington

Before:  BERZON and HURWITZ, Circuit Judges, and DEARIE,[**] District Judge.

LHF Productions Inc. ("LHF") appeals (1) the district court's decision to grant a single statutory damages award in each of the five cases consolidated on appeal, for which the defendants in each case are jointly and severally liable; and (2) the attorney's fees awarded.  We affirm.

1. Each complaint filed by LHF joined the participants in a single BitTorrent "swarm."  The "swarm" downloaded and, together, uploaded the same digital file copy of a movie, *London Has Fallen*.  The complaints stated that the defendants' actions were "part of a common design, intention and purpose" to infringe "the exact same unique copy of [LHF's] movie," that the defendants "agreed with one another to use the Internet and BitTorrent technology" to violate the federal copyright laws, that they "jointly and collectively supported and advanced an

---

[**]     The Honorable Raymond J. Dearie, United States District Judge for the Eastern District of New York, sitting by designation.

4

economic business model of profiting from the piracy of [LHF]'s copyrighted work," and, most explicitly, that "each Defendant knowingly and actively participated in a conspiracy to perform an illegal act and/or injure [LHF] through use of the BitTorrent protocol to infringe [LHF]'s copyrighted work."

LHF was awarded default judgments in the cases consolidated on appeal. "Upon entry of a default judgment, facts alleged to establish liability are binding . . . and . . . may not be relitigated on appeal." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The factual allegations in its complaints are therefore taken as true, *see Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th Cir. 2012); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.1977) (per curiam), including that the defendants in each case "actively participated in a conspiracy" and "jointly and collectively" infringed LHF's copyright. These allegations establish that the defendants are jointly and severally liable as a matter of law. *See Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n*, 298 F.3d 768, 775 (9th Cir. 2002) (holding conspirators jointly and severally liable).

Under federal copyright law, the copyright owner may elect to recover "*an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally.*" 17 U.S.C. §

504(c)(1) (emphasis added). In each of the consolidated cases, the district court properly awarded a single award of statutory damages for the infringement of the only work here at issue, for which the named defendants are, on the allegations in the complaint, jointly and severally liable.

2. LHF also appeals the amount of attorneys' fees awarded by the district court. The district court properly surveyed the rates charged by "attorneys of comparable experience, skill and reputation" in the relevant community. *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006). In similar cases brought against BitTorrent participants for copyright infringement, Western District of Washington courts have found hourly rates ranging from $200-$350 appropriate. *See Qotd Film Inv. Ltd. v. Starr*, No. C16-0371RSL, 2016 WL 5817027, at *3 (W.D. Wash. Oct. 5, 2016) (collecting cases); *Dallas Buyers Club, LLC v. Nydam*, No. C14-1684RAJ, 2016 WL 7719874, at *6 (W.D. Wash. Aug. 8, 2016) (determining that an hourly rate of $300 was appropriate).

The cases relied upon by LHF in which courts awarded higher fees did not involve "similar services." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). LHF, predictably, encountered little opposition in obtaining default judgments. The cases in which higher hourly rates were awarded were significantly more complicated; they involved discovery, summary judgment motions, and

6

evidentiary hearings. *See BWP Media USA Inc. v. Rich Kids Clothing Co.*, 103 F. Supp. 3d 1242, 1249–50 (W.D. Wash. 2015); *Getty Images (U.S.), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 1744522, at *3 (W.D. Wash. Apr. 29, 2014); *Little Genie Prods. LLC v. PHSI Inc.*, No. 2:12–cv–00357–RSM, 2014 WL 3050326, at *10 (W.D. Wash. July 2, 2014). Moreover, that LHF's attorney typically charges higher rates is immaterial. The reasonable hourly rate is determined by reference to the prevailing local rate for comparable work, not "by reference to rates actually charged the prevailing party." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986).

Finally, the district court properly evaluated the amount of time LHF's attorney reasonably spent on these cases, in which he filed essentially form pleadings. The district court's overall award of attorney's fees was therefore not an abuse of discretion.

**AFFIRMED.**